# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:25-CR-0261-S |
| | § | |
| DERIC POWELL | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Deric Powell's Motion to Dismiss the Indictment with Incorporated Memorandum ("Motion") [ECF No. 44]. Having reviewed the Motion, the United States' Response to the Motion ("Response") [ECF No. 48], and the applicable law, the Court **DENIES** the Motion.

## I. BACKGROUND

On April 9, 2017, Defendant and three other males drove by a rival group of males in New York City, New York. Resp. 1-2. Defendant handed a firearm to one of the males in the backseat of the car. *Id.* at 2. Defendant and two of the males in the car then exited the car and fired at the rival group. *Id.* At least two bullets struck two nearby cars. *Id.* Officers recovered eight shell casings at the scene of the crime. *Id.* Defendant pleaded guilty to Criminal Possession of a Weapon in the Second Degree, which is punishable by up to 15 years in prison. *Id.* at 2-3.

On May 4, 2024, Defendant allegedly possessed a firearm at a shooting range in Dallas, Texas. Mot. 6; Resp. 5. Defendant was charged with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). *See* Indictment [ECF No. 1]. Defendant moves to dismiss the Indictment, asserting an as-applied challenge to § 922(g)(1) under the Second Amendment. Mot. 1.

## II. LEGAL STANDARD

The Supreme Court "set forth a two-part framework for determining whether a government regulation violates the Second Amendment." *United States v. Betancourt*, 139 F.4th 480, 482 (5th Cir. 2025) (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022)). First, a court must analyze whether the plain text of the Second Amendment covers the regulated conduct. If so, "the Constitution presumptively protects that conduct." *Bruen*, 597 U.S. at 17. Second, to overcome the presumption that the conduct is protected, the Government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*

## III. ANALYSIS

Defendant argues that § 922(g)(1) violates the Second Amendment as applied to him, because the Government did not demonstrate that the regulation is consistent with historical tradition. However, Defendant's as-applied challenge fails because the Government has demonstrated that § 922(g)(1), as applied to Defendant, is analogous to "early American laws [that] prohibited bearing arms in a way that spreads fear or terror among the people." *United States v. Morgan*, 147 F.4th 522, 529 (5th Cir. 2025), *cert. denied*, 146 S. Ct. 1781 (2026) (cleaned up).

The Court first determines that the plain text of the Second Amendment covers the regulated conduct. The Fifth Circuit has held that felons are among "the people" protected under the Second Amendment. *United States v. Diaz*, 116 F.4th 458, 466 (5th Cir. 2024). Accordingly, the Second Amendment presumptively protects Defendant's right to bear arms.

The Court next analyzes whether the Government has overcome the presumption by demonstrating that applying § 922(g)(1) to Defendant is consistent with historical tradition. Defendant's predicate felony is similar to the predicate felony that the Fifth Circuit analyzed in

*Morgan*. In *Morgan*, the Fifth Circuit held that regulation of the defendant's right to bear arms was consistent with "the founding era's 'going armed' laws." *Morgan*, 147 F.4th at 529 (holding that "[t]he 'going armed' laws are relevantly similar to § 922(g)(1) as applied to [the defendant]" because "[b]oth the 'going armed' laws and § 922(g)(1) target individuals found to threaten the physical safety of another" (quotation marks omitted)). There, the defendant's "sole prior felony conviction was for illegal use of a weapon—specifically, a drive-by shooting that struck a victim's home and car in October 2021." *Id.* at 525. Here, Defendant's predicate felony involved Defendant and two other males exiting their vehicle to shoot at a group of males, striking two nearby cars. Like the defendant in *Morgan*, Defendant "menaced others with firearms and disrupted the public order through conduct likely to lead to actual violence." *Id.* at 529 (quotation marks omitted). Accordingly, the Government's regulation of Defendant's right to bear arms is consistent with historical tradition.

The Court disagrees with Defendant's argument that it may not consider the conduct underlying Defendant's predicate felony in determining whether applying § 922(g)(1) to Defendant is consistent with historical tradition. In *Morgan*, the Fifth Circuit held that consideration of "conduct underlying the predicate offense is both permissible and revealing." *Id.* at 528.[1] Thus, because "there are historical analogues demonstrating our Nation's longstanding tradition of disarming persons with" a similar criminal history to Defendant, *United States v.*

[1] Defendant cites *United States v. Debrow*, 183 F.4th 402 (5th Cir. 2026) and *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 564 (Jan. 20, 2026) to argue that the Court may not consider the conduct underlying Defendant's predicate felony. *See* Mot. 5. However, *Debrow/Kimble* and *Morgan* "can be reconciled because they answer different questions: [*Debrow/Kimble*] determines which convictions may enter the analysis, and [*Morgan*] determines what a court may examine about a qualifying conviction once it does." *United States v. Luna*, No. 25-40272, 2026 WL 2507689, at *5 (5th Cir. Aug. 25, 2026) (Willet, J., concurring). Further, "until the Supreme Court or [the Fifth Circuit's] en banc court says otherwise, the [] rule of orderliness requires" this Court to follow *Morgan*. *Id.*

*Schnur*, 132 F.4th 863, 869 (5th Cir. 2025), the Government has demonstrated that § 922(g)(1) is constitutional as applied to Defendant.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss the Indictment with Incorporated Memorandum [ECF No. 44].

**SO ORDERED.**

SIGNED October 8, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**